**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

EVERYTHING DIVINE
INCORPORATED,

   Plaintiff,

v.              Case No. 6:12-cv-1722-Orl-37DAB

MICHAEL O'QUINN,

   Defendant.

**ORDER**

This cause is before the Court on Plaintiff Everything Divine Incorporated's Motion to Strike Pleadings, to Dismiss, and for Entry of Default Judgment (Doc. 24), filed July 10, 2014.

**BACKGROUND**

This action concerns who has enforceable rights in the intellectual property (including copyrights and trademarks) of "the estate of deceased celebrity Harris Glenn Milstead a/k/a Divine" (the "Estate"). (Doc. 1, ¶¶ 6–9.) Plaintiff Everything Divine, Inc., contends that Defendant Michael O'Quinn assigned any rights in the Estate that he may have possessed to Plaintiff. (*Id.* ¶¶ 19, 36.) Alternatively, Plaintiff alleges that Defendant never possessed personal ownership rights to the Estate, and the "rightful heirs" are Ricky Mattie, Donna Jean Cocco, George Gerba, Ana Marie Evans, and Martha Friedman, who are the nieces and nephews of Divine's mother, Frances D. Milstead ("Frances"). (*Id.* ¶¶ 34, 37.)

Plaintiff is a Florida corporation formed on August 2, 2011, and Defendant is the former President of Plaintiff. (*Id.* ¶¶ 3–5, 15, 18.) In August 2012, Plaintiff's board of

directors removed Defendant from his position as officer (*id.* ¶¶ 5, 31), and Defendant threatened to initiate litigation against Plaintiff (*id.* ¶¶ 6–9, 32; Doc. 6, ¶¶ 19–20). After Defendant's threats, Plaintiff initiated this declaratory judgment action. (Doc. 1.) Proceeding pro se, Defendant filed an Answer and Counterclaim for declaratory relief concerning ownership of the estate (Count I), violation of § 540.08, Florida Statutes (Count II), common law appropriation (Count III), and conversion (Count IV). (Doc. 6.) Plaintiff filed an answer to the Counterclaim. (Doc. 9.)

The Court entered a Case Management and Scheduling Order on March 4, 2013 ("CMSO"), which required the parties to complete discovery by January 8, 2014, participate in mediation by January 17, 2014, and file a joint pretrial statement by July 10, 2014. (Doc. 15.) On July 10, 2014, Plaintiff filed a motion to strike Defendant's Answer, dismiss the Counterclaim, and enter default judgment in Plaintiff's favor as sanctions for Defendant's failure to prosecute this action and comply with the CMSO. (Doc. 24.) Specifically, Plaintiff contends that Defendant: (1) failed to appear at the mediation scheduled for January 9, 2014; (2) refused to schedule or attend a joint final pretrial statement meeting; and (3) hung up on Plaintiff's counsel when he attempted to contact Defendant concerning his position on the sanctions motion. (*Id.*) The Court held a Final Pretrial Conference on July 16, 2014, and when Defendant failed to appear, the Court granted the motion for sanctions. (Doc. 25.) This Order memorializes the Court's ruling from the bench.

**STANDARDS**

Pursuant to Federal Rule of Civil Procedure 16(f), the Court has authority to impose sanctions if a party fails to appear at a pretrial conference or fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A). Available sanctions

include: (1) "striking pleadings in whole or in part"; (2) "rendering a default judgment against the disobedient party"; and (3) ordering the disobedient party to "pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance." *Id.*; Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii). Rule 16(f) sanctions "were designed to punish . . . parties for conduct which unreasonable delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens, M.D.*, 766 F.2d 1533, 1535 (11th Cir. 1985). Rule 41(b) provides further authority for the Court to dismiss an action if a party "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) recognizes the inherent authority of district courts to involuntarily dismiss a claim . . . for want of prosecution to prevent undue delays in the disposition of pending cases and to avoid congestion of court calendars." *Jenkins v. FMA Alliance, Ltd.*, No. 3:12-cv-627-J-12MCR, 2013 WL 3149451, at *1 (M.D. Fla. June 12, 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)); *see also Goforth*, 766 F.2d at 1535.

## DISCUSSION

There is no dispute that Defendant has violated the requirements of this Court's Orders by failing to: (1) participate in mediation; (2) submit a Joint Pretrial Statement; and (3) appear at the scheduled Pretrial Conference. Defendant's complete and consistent absence from this case cannot be attributed to mere negligence, misunderstanding, or inability to comply. Rather, Defendant's actions are deemed willful. Accordingly, dismissal of Defendant's Counterclaim is warranted under Rules 16(f) and 41(b). Also warranted are the sanctions of striking Defendant's Answer,

entering judgment against Defendant on Plaintiff's declaratory judgment claim,[1] and requiring Defendant to pay Plaintiff's costs related to the mediation. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (affirming sanction of default judgment for party's violation of court orders). Given the imminence of trial, the Court finds that lesser sanctions would not suffice. *See Williams v. Talladega Cmty. Action Agency*, 528 F. App'x 979, 980 (11th Cir. 2013). Therefore, Plaintiff's sanctions motion is due to be granted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff Everything Divine Incorporated's Motion to Strike Pleadings, to Dismiss, and for Entry of Default Final Judgment (Doc. 24) is **GRANTED**.

2. Defendant's Counterclaim (Doc. 6) is **DISMISSED**.

3. The Clerk of the Court is **DIRECTED TO STRIKE** Defendant's Answer to the Complaint (Doc. 6, p. 1).

4. Plaintiff is awarded its reasonable costs related to the mediation— including its attorney's fees and mediator fees. Plaintiff is **DIRECTED** to submit a bill of costs to the Court on or before July 25, 2014.

5. Default judgment is **ENTERED** in favor of Plaintiff and against Defendant Michael O'Quinn on the declaratory judgment claim of Plaintiff's Complaint (Doc. 1).

6. On or before July 25, 2014, Plaintiff **SHALL FILE** a proposed form of final judgment.

---

[1] The allegations of Plaintiff's Complaint, which are deemed admitted after Defendant's Answer is stricken, adequately allege their claim for entitlement to declaratory relief. (*See* Doc. 1.)

4

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 18, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Michael O'Quinn